UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OLU JUDE AHMED, | § | |
| A99 214 319, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-10-4936 |
| | § | |
| ERIC HOLDER, *et al.*, | § | |
|     Respondents. | § | |

OPINION ON DISMISSAL

Petitioner Olu Jude Ahmed filed, through counsel, a petition for writ of habeas corpus pursuant to 28 U.S.C§ 2241, challenging his continued detention by the Department of Homeland Security. (Docket Entry No.1). Respondents move to dismiss the petition because petitioner has now been released from custody. (Docket Entry No.18). In a Supplement to the Supplemental Motion to Dismiss, respondents have attached a Warrant of Removal/Deportation, which shows that petitioner was removed from this country on May 3, 2011. (Docket Entry No.19-1). Petitioner has not filed a response to the Supplemental Motion to Dismiss the Petition for a Writ of Habeas Corpus as Moot.

The jurisdiction of the federal courts is limited under Article III, section 2 of the Constitution to the adjudication of actual, live "cases" and "controversies." U.S. CONST. Art. III; *Alwan v. Ashcroft*, 388 F.3d 507, 511 (5th Cir. 2004). When a habeas petitioner has been released from custody, the Court can continue to exercise jurisdiction over the petition only if the petitioner "demonstrates 'some concrete and continuing injury other than the now-ended incarceration.'" *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). In other words, the petitioner must show that "some 'collateral

consequence' of the litigation's outcome persists." *Alwan*, 388 F.3d at 511 (quoting *Spencer*, 523 U.S. at 8).

In his original petition, petitioner challenged the constitutionality of his continued detention during removal proceedings that were pending before the Board of Immigration Appeals. (Docket Entry No.1). Petitioner became subject to a final order of removal on April 1, 2011, when the Board of Immigrations Appeals dismissed his appeal. (Docket Entry No.17-1, pages 4-8). Although petitioner is still subject to the final removal order, he is no longer detained by the Department of Homeland Security. Therefore, his personal stake in the outcome of this action–securing his release from federal custody–is moot.

Accordingly, respondents' Supplemental Motion to Dismiss (Docket Entry No.18) is GRANTED. All other pending motions are DENIED, AS MOOT. This habeas action is DISMISSED WITHOUT PREJUDICE .

It is SO ORDERED.

SIGNED at Houston, Texas, this 21st day of July, 2011.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE